UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

ROBERT DORGAY,

                        Plaintiff,

v.                                                 Case No. 22-C-847

PAUL REIF, et al.,

                        Defendants.

─────────────────────────────────────────────

## DECISION AND ORDER

─────────────────────────────────────────────

Plaintiff Robert Dorgay is currently serving a state prison sentence and representing himself in this 42 U.S.C. §1983 action. On April 19, 2023, Dorgay filed a motion to compel and a motion for sanctions against Defendants Paul Reif and Steve Boehm. Dkt. No. 55. On June 5, 2023, he filed a motion for a sixty-day extension of the discovery deadline. Dkt. No. 61. The Court will deny the motions but will allow Dorgay to renew his motion to compel should his claim survive summary judgment.

Dorgay is proceeding on claims that Defendants Paul Reif, Michael Dederich, Harnold Almas, and Andrew Schnell used excessive force while arresting Dorgay and that Defendants Bradley Kwiatkowski and Steve Boehm failed to intervene. Dorgay was obviously present during the alleged use of force, so he has personal knowledge of what happened. Summary judgment (assuming the parties move for summary judgment) will rise or fall on whether there are genuine disputes of material fact between the parties' versions of what happened. On summary judgment a court may not make credibility determinations or weigh evidence, so evidence that merely

corroborates a party's version of what happened will not impact a court's determination of whether material factual disputes exist.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Dorgay largely seeks to compel Reif and Boehm to provide information and documents that he believes are "highly relevant because [they] serve[] to impeach the Defendants and challenge their credibility."  Dkt. No. 55 at 3.  This includes Defendants' prior criminal records (if any), cases involving the use of excessive force, personnel files, and complaints of misconduct.  While perhaps arguably relevant to Defendants' credibility, this information will not be relevant to deciding summary judgment.  Similarly, other information and documents that Dorgay seeks, such as the names of Defendants' supervising officers and trainers, job duty descriptions, and training policies and procedures will not be relevant to deciding summary judgment on Dorgay's excessive force and failure-to-intervene claims.  There are also significant security concerns with this type of information being in the possession of an incarcerated person who has limited control over his property.  Should this information fall into the hands of prisoners other than Dorgay, it could be used to harass Defendants and/or could reveal sensitive information about law enforcement policies and procedures.

Accordingly, with one exception that will be discussed below, the Court will deny Dorgay's motion to compel, but it will do so without prejudice.  When a prisoner plaintiff's claims survive summary judgment (or if neither party moves for summary judgment), the Court typically recruits a lawyer to represent the prisoner plaintiff at trial because of the complexity of trying a case before a jury, including offering a coherent opening statement and closing argument, presenting and examining witnesses, and locating and introducing evidence.  If Dorgay wants to be represented by counsel at trial, he may consult with his lawyer about whether to renew his motion to compel.  If Dorgay wants to represent himself at trial, he may decide whether to renew

the motion after summary judgment is resolved (or in the event neither party moves for summary judgment).

The Court will, however, grant Dorgay's motion in connection with Document Request No. 4, in which he seeks "all emails from the defendant's work email accounts between the dates of [A]ugust 25, 2015 to present date" that contain any of the following words or phrases: Dorgay, 381812, 15CF3875, Milwaukee Police Report Number 152380119, or Investigative Report 500-16-018. Dkt. No. 55 at 7. Reif and Boehm assert that the request "is impermissibly vague and overly broad, and overly burdensome . . . ." Dkt. No. 57 at 8. According to counsel, Reif and Boehm are no longer Department of Corrections employees. *Id.* at 8, 15. But, as Dorgay points out, it is unclear why their current employment status matters. It is not difficult to run a word search of electronic files (or, at least, counsel does not point to any difficulties in running such a search), and Dorgay identifies only five terms. Work emails containing the terms Dorgay identifies would be highly relevant to his claims and could possibly contain information not within his personal knowledge. Accordingly, the Court will require Reif and Boehm to respond to Dorgay's Document Request No. 4 by June 30, 2023.

The Court will deny Dorgay's motion for sanctions. Sanctions are warranted in only extreme circumstances, and although there appears to have been a delay in Reif and Boehm serving their discovery responses, the delay was not so extreme as to warrant sanctions. Dorgay disagrees with some of their objections and responses, but these types of disagreements are common and do not support a finding that Reif, Boehm, or their counsel acted in bad faith.

Finally, the Court will deny Dorgay's motion to extend the discovery cutoff by sixty days. Dorgay's claims are limited and, as noted, he has personal knowledge of what happened, so in response to a summary judgment motion, he can place the relevant facts before the Court in the

3

form of an unsworn declaration under penalty of perjury. *See* 28 U.S.C. §1746. While Dorgay may arguably be entitled to discovery on a wide range of topics, he has not shown that he needs that information to prepare or respond to a summary judgment motion. As such, Dorgay has not shown good cause for delaying the close of discovery. The Court will, however, extend the dispositive motion deadline by two weeks to allow Dorgay time to review any emails Reif and Boehm may produce in response to his document request. And the Court will require Reif and Boehm's counsel to resend him the DOC Use of Force policy that she previously sent but that was destroyed by prison officials before they evaluated whether Dorgay could view and/or possess that policy. The Court reminds Dorgay that decisions that touch upon institutional safety are made by prison officials, not Defendants' counsel.

**IT IS THEREFORE ORDERED** that Dorgay's motion to compel (Dkt. No. 55) is **GRANTED in part**. Reif and Boehm must respond to Dorgay's Document Request No. 4 as set forth in this decision by **June 30, 2023**. They are also directed to resend the DOC Use of Force Policy that they previously produced. All other aspects of Dorgay's motion to compel are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Dorgay's motion for sanctions (Dkt. No. 55) is **DENIED**.

**IT IS FURTHER ORDERED** that Dorgay's motion to modify the scheduling order (Dkt. No. 61) is **DENIED**. However, the Court will **EXTEND** the dispositive motion deadline to **August 3, 2023**.

Dated at Green Bay, Wisconsin this 9th day of June, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
