UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT DORGAY,

Plaintiff,

v.                                                              Case No. 22-C-847

PAUL REIF, et al.,

Defendants.

## DECISION AND ORDER

Plaintiff Robert Dorgay is currently serving a state prison sentence and representing himself in this 42 U.S.C. §1983 action.  He is proceeding on excessive force and failure to intervene claims based on interactions with the defendants that happened on August 26, 2015.  On August 3, 2023, Defendants Harnold Almas, Michael Dederich, Bradley Kwiatowski, and Andrew Schnell filed a motion for judgment on the pleadings and a motion for summary judgment.  That same day, Defendants Steve Boehm and Paul Reif filed a motion for summary judgment.  Amongst other arguments, Defendants assert that Dorgay's claims are time-barred.  The Court ordered Dorgay to respond by September 19, 2023, only to Defendants' statute of limitations argument.  Dorgay did not timely respond.  For the reasons explained below, the Court will grant Defendants' motions and dismiss this case.

Defendants argue that Dorgay's claims are barred by the statute of limitations because the claims accrued more than six years before he filed his complaint.  *See* Dkt. No. 85 at 5-7; Dkt. No. 89 at 2-4.  Specifically, Defendants have highlighted that in *Evans v. Poskon*, the Seventh Circuit explained:

[*Wallace v. Kato*] holds that a claim that accrues before a criminal conviction may and usually must be filed without regard to the conviction's validity. The Court held that a claim asserting that a search or seizure violated the fourth amendment—and excessive force during an arrest is such a claim, *see Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989)—accrues immediately. The prospect that charges will be filed, and a conviction ensue, does not postpone the claim's accrual. *Wallace* added that a conviction does not un-accrue the claim, even if the arguments advanced to show a violation of the fourth amendment also imply the invalidity of the conviction. 549 U.S. at 392-93, 127 S. Ct. 1091. Instead of dismissing the §1983 suit, the district judge should stay proceedings if the same issue may be resolved in the criminal prosecution (including a collateral attack). 549 U.S. at 393-94, 127 S. Ct. 1091; *see also Heck,* 512 U.S. at 487 n. 8, 114 S. Ct. 2364.

603 F.3d 362, 363 (7th Cir. 2010). Similarly, in *Jamison v. Urban*, the Seventh Circuit clarified that the plaintiff's contention that his claims, including his excessive force claim, did not accrue until the criminal case against him was closed was incorrect. 411 F. App'x 919, 921 (7th Cir. 2011). As noted by the appellate court, "*Heck* delays accrual only when there exists a conviction or sentence that has not been invalidated; it does not bar suits that would call into question anticipated convictions. . . . Because [the plaintiff] was never convicted, *Heck* did not bar his suit." *Id*. (citations omitted).

With the foregoing in mind, the Court concludes that Dorgay's excessive force and failure-to-intervene claims accrued on August 26, 2015. The relevant statute of limitations in Wisconsin for claims that accrued in 2015 is six years. *See D'Aquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that in 2018 the Wisconsin legislature changed the statute of limitations under Wis. Stat. §893.53 from six years to three years). Dorgay filed his complaint on July 25, 2022, more than six years after his claims accrued. Accordingly, Dorgay's claims are time-barred and must be dismissed. The Court will therefore grant Defendants' motions and dismiss this action.

2

Next, on September 5, 2023, Dorgay filed a motion for reconsideration of the Court's screening order. Dkt. No. 99. He asserts that, following his interactions with Defendants in August 2015, they manufactured evidence, falsified state reports, and harassed him, which resulted in him being criminally prosecuted for resisting an officer and bail jumping. Dkt. No. 99. As Dorgay has repeatedly stressed, he was acquitted of those charges (although he was convicted of domestic violence charges). Much of what Dorgay describes occurred more than six years before he filed his complaint, so any claims premised on this alleged misconduct are time-barred. And, with regard to the only alleged misconduct that may have occurred within six years of Dorgay filing his complaint, the Court has already explained that police officers have absolute immunity from suit under §1983 for giving perjured testimony at a criminal defendant's trial. *See* Dkt. No. 12 at 6 (citing *Curtis v. Bembenek*, 48 F.3d 281, 284 (7th Cir. 1995)). Accordingly, the Court denies Dorgay's motion for reconsideration.

Finally, several motions relating to discovery are pending. Given that the Court is granting Defendants' motions and dismissing this case, the Court will deny the discovery-related motions as moot.

**IT IS THEREFORE ORDERED** that Dorgay's motions to compel (Dkt. Nos. 63 & 65) and his motions for reconsideration (Dkt. Nos. 69 & 99) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Almas, Dederich, Kwiatkowski, and Schnell's motion for judgment on the pleadings (Dkt. No. 83) is **GRANTED** and their motion for summary judgment (Dkt. No. 84) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendants Boehm and Reif's motion for summary judgment (Dkt. No. 88) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** because Dorgay's claims are barred by the statute of limitations. The Clerk of Court shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 27th day of September, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.